# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RAINBOW WILLIAMS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:14CV00564 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN C. ZYCH,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Rainbow Williams, Pro Se Petitioner.*

Petitioner Rainvow Williams, a federal inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Williams alleges that prison officials wrongfully classified him as a member of the Disruptive Group known as the Black Guerrilla Family and refused his request for removal of this designation. By Order entered October 21, 2014, the court notified Williams that his petition was conditionally filed, pending his provision for the $5.00 filing fee for the action; the Order directed him, within ten days, to pay or execute a form consenting to pay the fee, or his petition would be dismissed. More than ten days have elapsed, and Williams has not paid the filing fee, returned his

executed consent form, or otherwise communicated with the court.  Accordingly, I will dismiss the petition without prejudice.[1]

A separate Final Order will be entered herewith.  The clerk will send a copy of that Final Order and this Opinion to the petitioner.

DATED: November 17, 2014

/s/  James P. Jones
United States District Judge

---

[1] I also find without merit Williams' § 2241 challenge to prison officials' discretionary decision to classify him as a disruptive group member.  Prisoners do not have a constitutional right to a particular classification status.  *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (noting that under 18 U.S.C. § 4081, "Congress has given federal prison officials full discretion to control . . . conditions of confinement" such as classification and segregation, and thus a federal prisoner "has no legitimate statutory or constitutional entitlement sufficient to invoke due process"); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (affirming ruling that "a prisoner has no constitutional right to a particular classification status").  As Williams' current designation in the Bureau of Prison's ("BOP") classification scheme does not implicate any constitutionally protected right, officials' refusal to alter that designation is not grounds for habeas relief.  *See* § 2241(c)(3) (authorizing writ of habeas corpus where prisoner shows "[h]e is in custody in violation of the Constitution or laws or treaties of the United States"); *Ramirez v. Norwood*, No. CV 07-3851-JVS (RNB), 2009 WL 2949747 (C.D. Cal. Sept. 14, 2009) (finding no ground for habeas relief under § 2241 regarding challenge to BOP classification of petitioner as disruptive group member).